NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRACY MOTTA,

Plaintiff,

v.

ACME MARKETS, INC.,

Defendant.

Civ. No. 15-5322

**OPINION**

THOMPSON, U.S.D.J.

    This matter comes before the Court upon the Motion of Defendant Acme Markets, Inc. to Dismiss Count II of Plaintiff's Complaint and to strike all allegations of recklessness from the Complaint. (ECF No. 4.) Plaintiff opposes. (ECF No. 5.) After reviewing the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will only grant in part Defendant's Motion. Count II will be dismissed, but allegations of recklessness will not be stricken from the Complaint.

BACKGROUND

    On May 11, 2015 Plaintiff filed a two count Complaint alleging Defendant's negligence, willfulness, and recklessness regarding spilled water that Plaintiff slipped and fell on. Defendant removed this matter to federal court on July 6, 2015 pursuant to 28 U.S.C. §§ 1332 and 1441(a). Plaintiff is a resident of New Jersey; Defendant is incorporated in Delaware with a principal place of business in Idaho. (ECF No. 1.) Plaintiff alleges that on March 28, 2015 she was shopping in Defendant's store in New Jersey when she slipped and fell on water from a floral display on the floor. She claims that Defendant negligently, willfully, and recklessly failed to maintain the store in a safe condition free of dangerous conditions, and that she sustained severe

1

injuries requiring medical treatment as a result. On July 13, 2015 Defendant filed the present Motion to Dismiss the Second Count of Plaintiff's Complaint, which alleges willful and reckless disregard for the safety of customers and seeks punitive damages.

## DISCUSSION

A. Legal Standard

When assessing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pleaded factual allegations in the complaint as true, construe the complaint in the light most favorable to plaintiff, and then determine whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Demonstrations of a "mere possibility of misconduct" are insufficient; instead, the facts pleaded must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Fowler*, 578 F.3d at 210–11 (quoting *Iqbal*, 556 U.S. at 678–79). In making its determination, the Court may only consider the Complaint, attached exhibits, and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been asserted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

B. Analysis

Defendant asserts that Count II must be dismissed because Plaintiff's Complaint fails to allege any facts to support punitive damages. Under the New Jersey[1] Punitive Damages Act, N.J.S.A. 2A:15-5.9 *et seq.*,

---

[1] Plaintiff has not disputed that New Jersey law governs and that the Punitive Damages Act applies. (Pl.'s Opp., ECF No. 5.)

> [p]unitive damages may be awarded to a plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.

N.J.S.A. 2A:15-5.12. The statute defines "actual malice" as "intentional wrongdoing in the sense of an evil-minded act." N.J.S.A. 2A:15-5.10. "Wanton and willful disregard is defined as a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." *Id*.

Plaintiff's Complaint alleges only in bare conclusory fashion that "it has been Defendant's method of operation to display fresh cut flowers on the floor in the middle of the customer shopping area" and that "Defendant's agents, servants and employees were aware that said display and method of operation would cause frequent and/or constant spillage of water . . ." (Compl., ECF No. 1.) Plaintiff's pleading has identified no specific supporting facts that would allow the Court to reasonably infer any malice, willfulness, or recklessness with regard to the spilled water that Plaintiff slipped on. Thus Plaintiff has not adequately alleged her claim of willful or reckless conduct nor asserted a basis for punitive damages. Therefore Count II must be dismissed. *See Cavaliere v. Bridgewater Commons Mall*, II, LLC, No. L-330-05, 2009 WL 249104 at *6 (N.J. Super. Ct. App. Div. Feb. 4, 2009) (affirming the district court's dismissal of the plaintiff's claim for punitive damages in a slip and fall case because the plaintiff failed to prove that the harm suffered was the result of actual malice or willful and wanton conduct by the defendant as required under the Punitive Damages Act).

However, Defendant has not articulated a basis for striking allegations of recklessness from the Complaint. Under Federal Rule of Civil Procedure 12(f) a court may strike any "redundant, immaterial, impertinent or scandalous matter" from the pleadings. Fed. R. Civ. P.

3

12(f). Such decisions lie within the trial court's discretion, and striking is generally disfavored in the absence of prejudice to the adverse party. *See, e.g.*, *Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014); *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002); 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381 (3d ed. 2004) (stating that "even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party). Defendant has neither asserted nor demonstrated any prejudice resulting from Plaintiff's allegations of recklessness in its Complaint. Therefore, Defendant's Motion to Strike such allegations will be denied.

## CONCLUSION

For the reasons above, the Court will grant Defendant's Motion to Dismiss Count II of the Complaint, but will not strike allegations of recklessness from the Complaint. To the extent that Plaintiff can remedy the above deficiencies, she may refile an Amended Complaint within 30 days.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.